IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRANDON MICAH BLANSIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-01041-CV-W-ODS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1973, and is a high school graduate. R. at 24, 39, 178, 185, 202, 218. She previously worked as a buyer, receptionist, administrative assistant, and vault teller. R. at 24, 206, 218. In January 2015, Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of March 20, 2008. R. at 10, 176-93. She later amended her disability onset date to August 30, 2013. R. at 10, 36-37. Plaintiff's applications were denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 114-15, 127-28. A hearing was held in May 2016. R. at 31-71. In November 2016, ALJ Gerald Meyr issued his decision, finding Plaintiff was not disabled. R. at 10-26.

In rendering his decision, the ALJ found Plaintiff has the following severe impairments: obesity, anemia, arthralgia and myalgia, fatigue, iron deficiency, insomnia, bulging lumbar disc with degenerative disk disease, persistent depressive disorder, panic disorder, anxiety, and bipolar disorder. R. at 13. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she will be allowed to sit or stand alternatively at will provided she would not be off task more than 10% of the work period. She can only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She is limited to occasionally stooping, crouching, kneeling, or crawling. She must avoid all exposure to unshielded moving mechanical parts and all exposure to unprotected heights. Work allowed off task 10% of the time in an 8-hour workday, in addition to regularly scheduled breaks. Work is limited to simple, routine, and repetitive tasks; in a work environment free of fast paced production requirements, which is defined as constant activity with work tasks performed sequentially in rapid cessation; involving only simple work related decisions; with few, if any, workplace changes. She is to have no interaction with the general public, and only occasional interaction with coworkers and supervisors.

R. at 16. Based on the RFC and the vocational expert's ("VE") testimony at the hearing, the ALJ concluded Plaintiff could work as a document scanner, circuit board assembler, and packager. R. at 25. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-3, 174-75. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the Commissioner's decision must be reversed because (A) the RFC is unsupported by substantial evidence, (B) the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"), and (C) the ALJ did not properly assess Plaintiff's credibility.

### A. Plaintiff's RFC

Plaintiff argues the RFC is not supported by substantial evidence. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.*

Plaintiff argues the RFC "is silent" as to her limited ability to respond and adapt to a work environment. But the RFC limits Plaintiff to "simple, routine, and repetitive tasks…in a work environment free of fast paced production requirements…involving only simple work related decisions…with few, if any, workplace changes." R. at 16.[1] Accordingly, this argument fails.

Plaintiff contends the ALJ failed to explain why Plaintiff was precluded from interacting with the public but could occasionally interact with coworkers and supervisors, a limitation the ALJ includes in the RFC. Plaintiff relies upon Dr. Breckenridge's opinion, which the ALJ afforded great weight, wherein he found Plaintiff had moderate difficulties interacting appropriately with the public, supervisors, and

---

[1] Plaintiff also seems to suggest her difficulty in maintaining concentration, persistence or pace is not properly depicted in the RFC because it only references being off task ten percent of the time. Plaintiff's representation is not entirely accurate. The RFC includes other limitations accounting for these difficulties – e.g., "simple, routine, and repetitive tasks," being free from "fast paced production requirements," "simple work related decisions," and "few…workplace changes." R. at 16. Thus, this argument also fails.

3

coworkers. R. at 20. The RFC requires no interaction with the public, and only occasional interaction with coworkers and supervisors. R. at 16. If anything, the RFC is more limiting than Breckenridge's opinion in that the RFC restricts Plaintiff to no contact with the public. Also, Plaintiff fails to demonstrate how "occasional" interaction with coworkers and supervisors does not illustrate Breckenridge's opinion that Plaintiff had moderate difficulties when interacting with others. For these reasons, this argument fails.

Additionally, Plaintiff alleges the ALJ improperly rejected her global assessment of functioning ("GAF") scores when formulating the RFC. The ALJ considered the GAF scores but gave them minimal weight and found them unpersuasive. R. at 23. He noted the GAF scores "are not standardized," "were rendered on specific dates," only represent Plaintiff's "mental functioning on…particular dates," and Defendant has "declined to endorse the scale for use in the disability determination process." *Id.* The Eighth Circuit has found "GAF scores are of little value." *Nowling v. Colvin*, 813 F.3d 1110, 1115 n.3 (8th Cir. 2016) (citation omitted). And, as is the case here, the ALJ may discount GAF scores when they are inconsistent with the totality of the medical evidence and not supported by Plaintiff's demonstrated level of functioning. *Lawson v. Colvin*, 807 F.3d 962, 966 (8th Cir. 2015). The ALJ properly discounted the GAF scores based upon the totality of the medical evidence.

The substantial evidence in the record as a whole supports the ALJ's RFC, and does not support additional or more severe mental limitations. Accordingly, the Court finds the ALJ did not err in failing to include additional or more severe mental limitations.

### B. VE's Testimony

Plaintiff asserts the ALJ erred because the VE's testimony was inconsistent with the DOT descriptions of jobs the VE identified. The ALJ determined Plaintiff was limited to, among other things, repetitive work. Plaintiff argues the document scanner job identified by the VE is not limited to repetitive work, and the ALJ failed to resolve the

conflict. Plaintiff does not argue the other jobs identified by the VE – i.e., circuit board assembler and packager – are inconsistent with the DOT job descriptions.[2]

One mistaken recommendation by the VE "does not devalue the rest of [the VE's] opinion." *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) (citation omitted). "An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity." *Id*. Here, the VE answered hypotheticals containing Plaintiff's limitations, and identified three jobs Plaintiff could perform. The other two jobs identified by the VE are unchallenged by Plaintiff. Thus, the ALJ did not err in relying on the VE's testimony.

Plaintiff's reliance on the DOT is misplaced because "DOT definitions are simply generic job descriptions" offering "approximate maximum requirements for each position, rather than their range." *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000) (citation omitted). Even the DOT cautions "its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities," and "not all jobs… have requirements identical to or as rigorous as those listed in the DOT." *Id*. (citation omitted). While the DOT indicates the document scanner job includes a variety of duties, the VE, based upon her experience and with the limitations set forth by the ALJ, testified that Plaintiff could perform that job. Accordingly, the ALJ did not err in relying on the VE's testimony.

### C. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. In assessing Plaintiff's credibility, the critical issue is not whether Plaintiff has functional limitations, but the extent of the functional limitations. *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994). The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors

---

[2] In her reply, Plaintiff argues, for the first time, the ALJ failed to find these two positions existed in significant numbers. Even if this argument is properly before this Court, the ALJ noted both positions existed in greater numbers in the national economy than the document scanner position. R. at 25. Accordingly, this argument is unavailing.

5

before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted). Weighing credibility falls on the ALJ, not this Court. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ is in the best position to determine a claimant's credibility, and this Court grants the ALJ deference in that regard. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

The Court finds substantial evidence in the record supports the ALJ's determination that Plaintiff is not entirely credible. In making this determination, the ALJ referenced several factors. First, the ALJ found Plaintiff's subjective complaints were inconsistent with the objective medical evidence. R. at 21. Second, the ALJ noted Plaintiff's reports of being unable to manage feelings of heightened stress were contradictory with her ability to take a deep breath and be examined during her hearing. *Id*. Third, the ALJ observed Plaintiff's mixed feelings about returning to work versus leaving her child at home, indicating she may have other motivations for seeking disability benefits. *Id*. Fourth, the ALJ found Plaintiff's self-reported daily activities were outweighed by the inability to objectively verify her limited daily activities with any reasonable degree of accuracy, and the difficulty in attributing the alleged degree of limitation to her medical condition, particularly in light of the weak medical evidence. R. at 21-22. Finally, the ALJ discounted Plaintiff's credibility due to her ability to drive, prepare and cook simple meals, laundry, and take care of her disabled son. R. at 22.

Plaintiff takes issue with the ALJ's failure to explain why her daily living activities were not verifiable or attributable to medical conditions, and the ALJ's overstatement of her daily activities. Doc. #13, at 22-25. While the ALJ did not identify which daily activities could not be verified or attributed to medical conditions, the ALJ referred to the "weak medical evidence," which did not establish severely limited daily activities. The ALJ also found Plaintiff's "reportedly limited daily activities are outweighed by the other factors" used in analyzing her credibility, which is outlined *supra*. R. at 22.

Further, substantial evidence in the record does not support Plaintiff's arguments. The function reports submitted by Plaintiff and her mother reveal the ALJ did not overstate Plaintiff's daily activities. Plaintiff's mother states her daughter takes care of her disabled son, takes care of herself with little assistance, does laundry, shops for groceries, and can walk thirty to forty-five minutes without resting. R. at 238-45.

6

Likewise, Plaintiff represents she can "do light cleaning," do laundry daily, walk for thirty minutes before needing to rest, shop for groceries, help her son get ready for school, and assist her son with homework. R. at 249-52, 256. Both Plaintiff and her mother represent Plaintiff's ability to understand and remember are unaffected by her medical conditions. R. at 243, 252. Additionally, the medical records (which Plaintiff does not cite) do not demonstrate Plaintiff's daily activities were overstated.

For the foregoing reasons, the Court concludes there is substantial evidence in the record as a whole to support the ALJ's credibility assessment.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATE: September 5, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT